ARROYO, PLAINTIFF AND APPELLEE, *v.* VICARIO ET AL.,
DEFENDANTS (VICARIO, APPELLANT).

APPEAL from the District Court of Ponce in an Action of Intervention.

No. 2242.—Decided July 27, 1920.

INTERVENTION — COMMUNITY PROPERTY — SEPARATE PROPERTY — ATTACHMENT. — Property acquired for a valuable consideration during wedlock is presumed to be community property. To destroy this presumption strong and convincing evidence is required. The evidence in this case was sufficient to support the allegation that certain real properties attached as belonging to the community were the separate property of the wife and, therefore, the attachment was properly dissolved; but it was insufficient with regard to certain personal property also attached and, therefore, the attachment should hold as to it.

The facts are stated in the opinion.
*Mr. J. Tous Soto* for the appellant.
*Mr. L. Tormes* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action of intervention by a third person as the owner of real and personal property. Manuel Vicario brought an action of debt against the spouses José Camacho and María Justina Arroyo. He recovered a judgment in his favor and in its execution levied on a carriage, certain goods in a small store, an urban property and a rural property. María Justina Arroyo then brought this action of intervention, alleging that the properties levied on were her separate property. Defendant Vicario answered, opposing the complaint, and the case went to trial. Both parties introduced evidence and the court ultimately entered judgment

sustaining the complaint. Defendant Vicario then appealed to this court.

The appellant assigns eight errors which may be considered in four groups.

1. The appellant maintains that as the judgment was against María Justina Arroyo individually in the action of debt, she has no cause of action as a third person. As a matter of fact, in the action of debt the district court entered judgment against defendants José Camacho and María Justina Arroyo for the sum claimed by the plaintiff. The wording of the judgment was susceptible of the construction given to it by the appellant, but thereafter the court amended its judgment by explaining that the recovery by the plaintiff should be paid by the conjugal partnership composed of the defendants by virtue of their marriage. This being the case and the intervenor having claimed the properties in question as her separate property, the first assignment of error is without merit.

2. The fourth, fifth and eighth assignments refer to the errors alleged to have been committed by the district court in holding that the real properties levied on were the separate property of the intervenor, without taking into account that such properties are presumed to be community property because they were acquired for a valuable consideration while the intervenor was married to defendant Camacho.

In our judgment the court did not commit the errors assigned. The real properties levied on are recorded in the registry of property as the separate property of the intervenor. It is true that they were acquired during her wedlock with Camacho, but it is also true that the deed of purchase gave the source of the money paid for them and that the record was made by the registrar while having before him another deed showing that the intervenor had received the sum of $5,000 in settlement of an action asserting certain hereditary rights.

From the evidence as a whole it appears that Camacho and the intervenor had a small store in one of the wards of the municipality of Yauco and that they had business relations with defendant Vicario which resulted in their becoming his debtors for the sum of about $1,300. It does not appear that the spouses then had any property except that store, which was a business failure.

At this stage María Justina Arroyo sued another person in an action of filiation which was terminated by the settlement to which we have referred, and with the money thus obtained she acquired the properties levied on, the value of which is less than the sum received in the settlement.

This being the case, it is clear that the money with which the properties were purchased did not belong to the community, but individually to the wife, and the properties thus acquired were the separate property of the intervenor, as held by the trial court; therefore they can not be taken in execution for the debts of the conjugal partnership. Sections 1314, 1316, 1322 and 1323 of the Civil Code.

3. The errors assigned under numbers two and three raise the same question, but they refer to the personal property levied on.

We have examined the evidence and find that it is not sufficient to support the conclusion that the personal property was the individual property of the wife; therefore we must conclude that the presumption stands that this property was community property because it was acquired for a valuable consideration during wedlock.

Perhaps the testimony of the intervenor is entirely true. Perhaps the judgment of the District Court of Ponce is correct also on this point, but we repeat that the evidence was not as strong as it should have been in a case of this kind.

Camacho died. Before his death he managed the store in which the goods were levied on and was managing it when

the levy was made. That store was not the same store in which the debt was made to Vicario. The former was in Yauco and the latter in Guayanilla. The intervenor says that the store in Guayanilla was established with a loan made by her to her husband. Perhaps this is true, but it is unsafe to reach a conclusion contrary to a presumption wisely established by law on such evidence as this.

4. The sixth and seventh errors assigned, if committed, were not prejudicial. It is alleged that the court erred in admitting in evidence certain private instruments to prove that a house was given to the intervenor by Arturo Lluveras and his wife. That house was not levied on and is not involved in this suit, and for that reason it is unnecessary to go into this question.

By virtue of all the foregoing, we are of the opinion that the judgment appealed from should be affirmed as to its holding that the real properties levied on belonged individually to the intervenor and reversed with regard to the personal property.

*Affirmed in part.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.